FILED
United States Court of Appeals
Tenth Circuit

January 12, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT BRUCE SULLIVAN,

        Petitioner - Appellant,

  v.

JOHN W. SUTHERS, The Attorney
General of the State of Colorado,

        Respondent - Appellee.

No. 09-1457
(D. Colorado)
(D.C. No. 1:06:CV-01477-MSK)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

---

      This matter is before the court on Robert Bruce Sullivan's pro se requests

for a certificate of appealability ("COA") and to proceed on appeal *in forma*

*pauperis*. Sullivan seeks a COA so he can appeal the district court's denial of his

28 U.S.C. § 2254 petition. 28 U.S.C. § 2253(c)(1)(A). We **grant** Sullivan's

request to proceed on appeal *in forma pauperis*. Because Sullivan has not,

however, "made a substantial showing of the denial of a constitutional right," *id.*

§ 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Sullivan was convicted in Colorado state court of one count of harassment by stalking, one count of violating a restraining order, one count of second degree arson, and one count of domestic violence. His convictions were affirmed on direct appeal. *People v. Sullivan*, 53 P.3d 1181, 1185 (Colo. App. 2002). After his request for state post-conviction relief was denied, *People v. Sullivan*, No. 04CA0226, slip op. at 1 (Colo. App. June 9, 2005), Sullivan filed the instant § 2254 habeas petition. Sullivan's habeas petition raises a multitude of claims, most involving allegations of ineffective assistance of trial counsel. In a lengthy and comprehensive order, the district court determined the record conclusively established Sullivan was not entitled to habeas relief. Accordingly, the district court denied Sullivan's request for an evidentiary hearing and denied Sullivan's § 2254 habeas petition.

The granting of a COA is a jurisdictional prerequisite to Sullivan's appeal from the denial of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Sullivan must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Sullivan has satisfied his burden, this court

-2-

undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Sullivan need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Sullivan's appellate filings, the district court's Order, and the entire record before this court, we conclude Sullivan is not entitled to a COA. In so concluding, this court has nothing to add to the comprehensive analysis set out in the district court's order dated September 29, 2009. Accordingly, this court **DENIES** Sullivan's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge